UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROGER E. CARR, JR., | ) |
|              Plaintiff, | ) ) ) |
| v. | ) Docket no. 1:11-cv-00153-NT ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) ) |
|              Defendant. | |

**ORDER GRANTING MOTION TO REMAND**

Defendant, the Commissioner of Social Security, has filed a Motion to Remand under sentence six of 42 U.S.C. § 405(g) because significant portions of the recording of the Plaintiff's April 27, 2010 hearing before the Administrative Law Judge are inaudible. Defendant's Motion to Remand at 2 (Docket No. 10). The Plaintiff does not object to remanding the case. Plaintiff's Response in Opposition at 3 (Docket No. 16). However, the Plaintiff asks the Court to remand only on the issue of the onset of disability and to provide additional instructions for the Administrative Law Judge on remand. Because ruling on the correctness of any of the Administrative Law Judge's determinations would be premature absent a certified, full transcript of the Plaintiff's hearing and would be inappropriate in a remand under sentence six of § 405(g), the Defendant's Motion to Remand is GRANTED.

Sentence six of § 405(g) authorizes the Court, "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, [to] remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g) (2006). In a sentence six remand, the court "does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). *Melkonyan* makes clear that the Court's authority to remand is strictly limited to the alternatives available in sentences four[1] and six of § 405(g).

Good cause for remand under sentence six may exist when portions of the recording from the hearing before the Administrative Law Judge are inaudible. In *Bianchi v. Secretary of Health and Human Services*, 764 F.2d 44 (1st Cir. 1985), the First Circuit quotes from the Conference Agreement on the Social Security Amendments of 1980:

> There are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed … good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the court may review under 205(g) of the act.

*Bianchi*, 764 F.2d at 46 (quoting H.R.Conf.Rep.No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1407). In *Bianchi*, the First

---

[1] Sentence four of § 405(g) states: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." § 405(g).

Circuit remanded to the District Court with instructions to remand to the Administrative Law Judge because the unintelligible transcript precluded the court's "responsibility to scrutinize the record in its entirety" on appeal. *Bianchi*, 764 F.2d at 46 (quoting *Millet v. Schweiker*, 662 F.2d 1199, 1201 (5th Cir. 1981)).

The Plaintiff, who has provided excerpts from a transcript that he prepared of both the April 27, 2010 and September 28, 2010 hearings to respond to the Defendant's Motion to Remand, argues that there is enough in these portions of the transcript for the Court to determine on the merits whether the Administrative Law Judge's decision was supported by substantial evidence. Plaintiff's Response in Opposition at 2 (Docket No. 16). Plaintiff concedes that there are "deficiencies in the audio recording." *Id.* Indeed, the excerpts that the Plaintiff has supplied have 40 unintelligible portions. Without a full certified copy of the transcript of the Plaintiff's hearing before the Administrative Law Judge, the Court is unable to reach the merits of the Plaintiff's appeal. The Plaintiff is free to raise all of his objections in the new hearing before the Administrative Law Judge and will have an opportunity to raise them on appeal if the Administrative Law Judge renders an adverse decision.

Accordingly, I find that the Commissioner has shown good cause for a sentence six remand, and I GRANT the Defendant's Motion to Remand and remand the case to the Commissioner of Social Security for further action in accordance with 42 U.S.C. § 405(g).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 30th day of November, 2011.

Case 1:11-cv-00153-NT   Document 23   Filed 11/30/11   Page 4 of 4   PageID #: 86